UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

EDDIE JACKSON                                          CIVIL ACTION

VERSUS                                                 NO: 11-223

STATE OF LOUISIANA                                     SECTION: R

### ORDER

Before the Court is Eddie Jackson's petition for a writ of habeas corpus. Having reviewed *de novo* the petition, the record, the applicable law, the Magistrate Judge's Report and Recommendation, and the petitioner's response thereto, the Court approves the Report and adopts it as its opinion.

Rule 11 of the Rules Governing Section 2254 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." RULES GOVERNING SECTION 2254 PROCEEDINGS, Rule 11(a). A court may only issue a certificate of appealability if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); RULES GOVERNING SECTION 2254 PROCEEDINGS, Rule 11(a) (noting that § 2253(c)(2)

supplies the controlling standard). In *Miller-El v. Cockrell*, the Supreme Court held that the "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" 537 U.S. 322, 336 (2003).

Petitioner has failed to satisfy this standard. While he argues that the Magistrate misunderstood the contentions in his habeas petition, he fails to present a viable *Brady* claim even upon his chosen reading. Indeed, under *Brady v. Maryland*, 373 U.S. 83, 87 (1963), the government must disclose exculpatory evidence that is material either to guilt or punishment. But evidence is material only if there is "a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985) (citing *Strickland v. Washington*, 466 U.S. 668, 694 (1984)). Indeed, "[t]he question is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence." *Kyles v. Whitley*,

514 U.S. 419, 434 (1995). A "reasonable probability" exists when the government's suppression of evidence "undermines confidence in the outcome of the trial." *Id.* (quoting *Bagley*, 473 U.S. at 678). To prove a reasonable probability of a different result, the "likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 131 S. Ct. 770, 792 (2011) (citing *Washington*, 466 U.S. at 693).

Here, petitioner has failed to show any suppression whatsoever: the record indicates that the requested material from the preliminary hearing was not withheld, but rather, had not been transcribed because of uncontrollable delays caused by Hurricane Katrina. Petitioner further fails to demonstrate the materiality of the transcripts: Detective Corey Robinson testified at trial that he personally witnessed Jackson engage in several drug transactions while assisting with narcotics surveillance on the date of Jackson's arrest.[1] The Detective watched one of these transactions from no more than 10 or 15 feet away.[2] It is unclear how the preliminary hearing transcripts, which Jackson argues could have impeached *Detective Dalferes's* testimony, could have led to a different outcome in the case,

---

[1]   St. Rec. Supp. Vol. 2 of 2, Jury Trial of Eddie Jackson, 8/25/2006, Test. of Det. Corey Robinson.

[2]   *Id.*

given Detective Robinson's unimpeached eyewitness testimony. Certainly there was no reasonable probability of a different trial result.

Accordingly, Eddie Jackson's petition for a writ of habeas corpus is DISMISSED WITH PREJUDICE. Because nothing in this case would engender debate among reasonable jurists, the Court will not issue a certificate of appealability.

New Orleans, Louisiana, this 3rd day of April, 2012.

_____
SARAH S. VANCE

UNITED STATES DISTRICT JUDGE